1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEPHEN DUNCKHURST,

11              Petitioner,                No. CIV S-10-1405 GEB EFB P

12        vs.

13   RAUL LOPEZ[1]

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  This matter was referred to the undersigned pursuant to 28 U.S.C.

18   § 636(b)(1) and Local Rule 302(c)(17).  Pending before the court is respondent's September 15,

19   2010 motion to dismiss this action.  Petitioner filed an opposition, and respondent filed a reply.[2]

20        Respondent moves to dismiss this action on the grounds that the petition (1) violates Rule

21   2(e) of the Rules Governing Section 2254 Cases ("Rule"), and (2) was filed beyond the one year

22

23        [1]  The court hereby substitutes Raul Lopez, Warden of the facility where petitioner
     currently is located, as the respondent.  *See* Rule 2(a), Rules Governing § 2254 Proceedings;
24   Fed. R. Civ. P. 25(d).

25        [2] Thereafter, petitioner filed an unauthorized surreply.  Dckt. No. 18.  As a surreply is
     neither contemplated by the Federal Rules of Civil Procedure nor the Local Rules, it was not
26   considered by the court.

limitations period contained in 28 U.S.C. § 2244(d).  Additionally, respondent argues that petitioner's first claim for relief should be dismissed as successive under 28 U.S.C. § 2244(b), and that petitioner's second claim for relief should be dismissed for failure to state a cognizable claim.[3]  The court finds that the petition violates Rule 2(e) because it challenges a 2005 judgment as well as one or more 1990 judgments.  The court also finds the petition is successive to the extent it challenges the 2005 judgment, and is barred by the statute of limitations to the extent it challenges one or more 1990 judgments.  The court therefore recommends that respondent's motion to dismiss be granted, without leave to amend.

## I.   Background

In August 2005, a Shasta County Superior Court jury convicted petitioner of vehicle theft.  Resp.'s Mot. to Dismiss ("Mot."), Docs. Lodged in Supp. Thereof ("Lodg. Docs.") 1.  Petitioner also pled guilty to possession of a deadly weapon by a prisoner, and two sentencing enhancements for prior convictions or prison terms were found true.  *Id.*  On October 17, 2005, the superior court sentenced petitioner to an indeterminate state prison term of thirty-three years to life.  *Id.*  Petitioner did not appeal from the judgment of conviction.  Mot. at 2.

In the present action, petitioner challenges the 2005 judgment, as well as two 1990 convictions.  *See* Pet. at 1, 4, 7-16 (explaining Grounds One and Two of the petition).[4]  Petitioner previously challenged the 2005 judgment in federal court.  *See Dunckhurst v. Adams*, Case No. CIV S-08-0974 WBS DAD P;[5] Lodg. Docs. 21, 22.

////

////

---

[3] Because the court recommends dismissal on other grounds, it does not address respondent's argument that the second claim is not cognizable.

[4]  The page numbers cited herein are those assigned by the court's electronic docketing system and not those assigned by petitioner.

[5] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

## II.    Discussion

This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds.  *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

### A.    Claim One Is Successive

The court first addresses respondent's jurisdictional argument that petitioner's first claim for relief, which challenges the Shasta County Superior Court's 2005 judgment, must be dismissed as successive.  A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits.  *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  *See Burton*, 549 U.S. 147.

Before commencing this action, petitioner filed a prior federal action in this district.  *See Dunckhurst v. Adams*, Case No. CIV S-08-0974 WBS DAD P, Dckt. No. 1 (May 6, 2008 Petition).  In that action, petitioner challenged the Shasta County Superior Court's October 17, 2005 sentence, discussed above.  *See id.*  The court dismissed the petition with prejudice on May 29, 2009, as barred by the statute of limitations.  *Id.*, Dckt. Nos. 28 (magistrate judge's April 30, 2009 findings and recommendations recommending dismissal), 30 (district judge's May 29,

1   2009 order adopting findings and recommendations in full); Lodg. Docs. 21, 22.  The U.S. Court

2   of Appeals for the Ninth Circuit affirmed the district court's order dismissing the action as time-

3   barred.  *See Dunckhurst v. Adams*, Case No. CIV S-08-0974 WBS DAD P, Dckt. No. 38

4   (January 10, 2011 Memorandum of Decision of the Court of Appeals for the Ninth Circuit).

5       The district court's dismissal of the earlier filed petition as untimely constitutes a

6   decision on the merits.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[D]ismissal of a

7   habeas petition as untimely constitutes a disposition on the merits and . . . a further petition

8   challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. §

9   2244(b).")*; Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as

10  time barred "constitutes an adjudication on the merits that renders future petitions under § 2254

11  challenging the same conviction 'second or successive' petitions under § 2244(b).").

12      Since claim one of the instant petition challenges the same 2005 judgment that petitioner

13  previously challenged and which was adjudicated on the merits, claim one of the instant petition

14  is second or successive.  Petitioner offers no evidence that the appellate court has authorized this

15  court to consider a second or successive claim.  This court therefore lacks jurisdiction to

16  consider petitioner's challenge to the 2005 judgment.  *See Burton*, 549 U.S. 147; *Cooper v.*

17  *Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).  Respondent's motion to dismiss

18  claim one of the petition must therefore be granted, without leave to amend.  *See Jarvis v.*

19  *Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed

20  without leave to amend unless it appears that no tenable claim for relief can be pleaded were

21  such leave granted).

22  **B.      Claim Two Violates Rule 2(e) of the Rules Governing Section 2254 Cases and
23          Is Untimely**

24      In claim two, petitioner argues that in his 1990 plea agreement cases his counsel was

25  ineffective for failing to inform him of the possibility that convictions in those cases could be

26  used to enhance a future sentence by imposing a life term.  Pet. at 4, 7-16.  Petitioner has

1   improperly combined these claims into a single petition.  A petitioner who seeks relief from

2   multiple judgments must file a separate petition as to each judgment.  *See* Rule 2(e), Rules

3   Governing § 2254 Cases.  Because the instant petition challenges a 2005 judgment, and one or

4   more 1990 judgments, it violates Rule 2 and should be dismissed.  Moreover, petitioner should

5   not be granted leave to file an amended petition that complies with Rule 2(e), as petitioner's

6   challenge to the 1990 judgment is time barred.[6]

7        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all

8   petitions for writ of habeas corpus filed after its enactment.  *See Lindh v. Murphy*, 521 U.S. 320,

9   336 (1997); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).  It imposes a one-year

10  limitations period for seeking federal habeas relief, beginning from the latest of (1) the date the

11  judgment became final on direct review, (2) the date on which a state-created impediment to

12  filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively

13  applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim

14  could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  In

15  certain circumstances, the limitations period may be tolled.  Petitioner bears the burden of

16  showing he is entitled to tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (statutory

17  tolling); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (equitable tolling).

18       Respondent argues that the applicable trigger for the statute of limitations is the date the

19  1990 judgment became final.  Mot. at 5.  Petitioner did not appeal the 1990 judgment, which

20  became final before April 24, 1996, the effective date of AEDPA.  *See id.* at 5-6.  In these

21  circumstances, inmates had a one-year grace period to file their petitions.  *Patterson v. Stewart*,

22  251 F.3d 1243, 1245 (9th Cir. 2001).  The grace period expired on April 24, 1997.  *See id.* at

23

24       [6] It is not clear from the record whether the 1990 convictions (allegedly occurring in
    January and February, respectively) resulted in one or more judgments.  *See* Pet. at 1; Pet'r's
25  Opp'n to Mot. ("Opp'n") at 2 (arguing the 1990 convictions should not be treated as separate
    cases because they were part a single plea agreement).  For purposes of the statute of limitations
26  analysis, the court will treat the 1990 convictions as resulting in a single judgment.

1247.  Thus, if the statute of limitations began to run based on the date the judgment became

final, petitioner had until April 24, 1997 to file the instant petition.  Absent tolling, the June 4,

2010 petition was filed nearly thirteen years late.  *See* Dckt. No. 1.

Respondent contends that petitioner is not entitled to tolling under § 2244(d)(2) because

petitioner did not file any state post-conviction collateral actions with respect to the 1990

judgment during the one-year limitations period.  Mot. at 6.  The proper filing of a state post-

conviction collateral attack on the pertinent judgment tolls the one-year limitation period.  28

U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  If the limitations

period has run, however, it cannot be revived by a collateral action.  *Jiminez v. Rice*, 276 F.3d

478, 482 (9th Cir. 2001).  Petitioner fails to present any basis for finding that he is entitled to

either statutory or equitable tolling prior to April 25, 1997.  Accordingly, if the statute of

limitations ran from the date the 1990 judgment became final, petitioner's challenge to that

judgment is untimely.

According to petitioner, he was informed that a consequence of his 1990 plea agreement

was that any sentence for a future felony conviction could be enhanced by no more than five

years.  Pet. at 4.  Petitioner claims that in 2005, the 1990 convictions were used to lengthen his

sentence by more than five years under the Three Strikes Law.  *Id.*  Petitioner argues that as of

2005, he had served the terms imposed by the 1990 plea agreement, but that after being

sentenced in 2005, he made diligent efforts to challenge his sentence.  Opp'n at 4.

The court liberally construes petitioner's statements as arguing that the limitations period

should have begun on the date the factual predicate of his claim could have been discovered,

rather than on the date the judgment became final.  *See Hasan v. Galaza*, 254 F.3d 1150, 1154

n.3 (9th Cir. 2001) (under § 2244(d)(1)(D), statute of limitations begins to run when a prisoner

"knows (or through diligence could discover) the important facts, not when the prisoner

recognizes their legal significance").  Petitioner was or should have been aware that the 1990

convictions were used to enhance his 2005 sentence no later than October 17, 2005, when the

6

superior court sentenced him to 33 years to life.   Assuming petitioner is entitled to this delayed

start of the limitations period, the instant petition would still be time-barred.

Using October 17, 2005 as the start date, petitioner had until October 17, 2006 to file the

instant petition.  It was not filed until June 4, 2010.  Petitioner filed only one petition for post-

conviction relief during this period, Lodg. Doc. 2, and that petition challenged the 2005

judgment; it did not challenge the 1990 judgment.  *See id.*  Therefore, petitioner is not be entitled

to statutory tolling at any time between October 17, 2005 and October 17, 2006.

Petitioner contends he is entitled to equitable tolling because he is not familiar with the

law, is limited to researching cases on the law library computer, and has been diligent.  Opp'n at

2, 4.  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Petitioner's ignorance

of the law does not constitute an extraordinary circumstance that would warrant equitable tolling.

*See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Additionally, petitioner offers no

facts to support his claim of diligence.  Therefore, petitioner has not shown he is entitled to

equitable tolling.

Regardless of whether the limitations period began to run in 1996 or 2005, the challenge

to the 1990 judgment is time-barred.

**III.    Recommendation**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss this action be granted; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  August 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE